IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN BROOKS, SR. <br> 1017 Murdoch Court <br> Crafton, MD 21114 <br>   Plaintiff, <br><br> v. <br><br> PRINCE GEORGE'S COUNTY <br> PUBLIC SCHOOLS, <br> 14201 School Lane <br> Upper Marlboro, MD 20772 <br><br> CHARLES HERBERT FLOWERS <br> HIGH SCHOOL, <br> 10001 Ardwick Ardmore Road <br> Springdale, MD 20774 <br><br> DR. GORMAN BROWN, <br> 10001 Ardwick Ardmore Road <br> Springdale, MD 20774 <br><br> RAYNAH ADAMS <br> 14201 School Lane <br> Upper Marlboro, MD 20772 <br><br>   Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff Brian Brooks, Sr. ("Plaintiff"), by and through undersigned counsel, and hereby submits his Complaint for damages against Defendants Prince George's County Public Schools ("Defendant PGCPS" or "PGCPS"), Charles Herbert Flowers High School ("Defendant CH Flowers High School" or "CH Flowers High School"), Dr. Gorman

Brown ("Defendant Brown"), and Raynah Adams ("Defendant Adams"). In support of, Plaintiff states as follows:

## PARTIES

1. Plaintiff is an adult Maryland resident who resides at 1017 Murdoch Court, Crafton, MD 21114.

2. Defendant PGCPS is a nonexempt entity doing business in the state of Maryland and located at 14201 School Lane, Upper Marlboro, MD 20772.

3. Defendant CH Flowers High School is located at 10001 Ardwick Ardmore Road, Springdale, MD 20774.

4. Defendant Brown is an adult Maryland resident employed by PGCPS and CH Flowers High School.

5. Defendant Adams is an adult Maryland resident who was or is employed by PGCPS and Friendly High School.

## FACTS

6. Plaintiff was employed with Defendant CH Flowers High School for four continuous years as a teacher and coach spanning 2016 to 2020.

7. Prior to Plaintiff's employment at Defendant CH Flowers High School, Plaintiff was employed by Friendly High School from 2013 to 2016.

8. Throughout Plaintiff's employment at Friendly High School, Defendant Adams, then the principal of the school, created a hostile and emotionally distressing work place environment that Plaintiff had to leave from.

9. Plaintiff's son, Brian Brooks, Jr. ("Mr. Brooks, Jr."), was a student at Defendant CH Flowers High School from 2016 to 2020.

10. Defendant Brown is the Principal at Defendant CH Flowers High School and is employed by Defendant PGCPS.

11. Defendant Brown has been employed with Defendant PGCPS since 1997.

12. Plaintiff was the Varsity and Junior Varsity Coach for Boys Basketball at Defendant CH Flowers High School.

13. Mr. Brooks, Jr. was a student athlete for the JV Boys Basketball team at Defendant CH Flowers High School.

14. On or about January 31, 2020, Defendant CH Flowers High School's Boys Basketball team was playing a basketball game at Laurel High School.

15. Plaintiff and Mr. Brooks, Jr. were both present at the aforementioned basketball game in their respective capacities with the JV Boys Basketball team for Defendant CH Flowers High School.

16. Defendant Brown was also present at this basketball game.

17. During the basketball game, due to provocation from the stands and others, a punch was thrown by Mr. Brooks, Jr. and an altercation took place.

18. Mr. Brooks, Jr. wanted to apologize to the other parties involved in this altercation, but Defendant Brown instructed him against doing so.

19. Multiple witnesses overheard Defendant Brown responding to the altercation by yelling that Plaintiff and Mr. Brooks, Jr. were "done" and implied that Plaintiff was going to be terminated.

20. Defendant Brown instructed Security Resource Officer Blackwell ("SRO Blackwell") to alert the authorities of the actions of Mr. Brooks, Jr. and initial phases of criminal proceedings were started against him by the Maryland Department of Juvenile Services.

21. Mr. Brooks, Jr. entered a diversion program where he would complete 100 hours of community service in lieu of a sentence on two charges.

22. Mr. Brooks, Jr. was also suspended from school due to the incident on or about January 31, 2020 for five days from February 3, 2020 to February 7, 2020.

23. Additionally, Mr. Brooks, Jr. was suspended from playing in the next five games after the incident on or about January 31, 2020.

24. On February 3, 2020, Plaintiff went to the PGCEA union office and asked if there was some sort of recourse he could pursue to overturn his suspension, which he had been verbally informed of. Plaintiff was told there were no avenues for recourse through the union.

25. Because of the incident on or about January 31, 2020, Plaintiff received a Suspension Letter on February 5, 2020 notifying Plaintiff that he was on suspension effective from February 3, 2020 for three basketball games.

26. On February 14, 2020, Mr. Brooks, Jr. was taken from his second period class by school security and taken to the security office.

27. Once at the security office, Mr. Brooks, Jr. was accused of possessing drug paraphernalia and contraband.

28. Mr. Brooks, Jr. was patted down and instructed to empty his pockets.

29. Mr. Brooks, Jr. was interrogated and questioned for over an hour by security officers.

30. At the time of this incident, Mr. Brooks, Jr. was seventeen and neither of his parents were contacted.

31. No drug paraphernalia or contraband was found on or in connection to Mr. Brooks, Jr.

32. On February 18, 2020 Mr. Brooks, Jr. received notice of the two charges against him in connection with the incident on or about January 31, 2020.

33. The February 18, 2020 letter also notified Mr. Brooks, Jr. as to his enrollment in the diversion program in lieu of sentence.

34. From the fall of 2019 to the end of the 2020 school year, Defendant Brown and Defendant Adams would consistently, routinely, and daily pass by Plaintiff's classroom to instill a harassing sense of being watched.

35. Defendant Brown and Defendant Adams are fraternity brothers and friends.

36. Defendant Brown allowed for, facilitated, and encouraged Defendant Adams continuing infliction of emotional distress which started while Plaintiff was working at Friendly High School.

37. Throughout Plaintiff's employment as both a coach and teacher at Defendant CH Flowers High School, Plaintiff was subjected to a severe and pervasive environment where he and his son, Mr. Books, Jr., were specifically targeted.

38. In the January of 2018, Plaintiff was diagnosed with Type II Diabetes.

39. The above diagnosis is linked to the elevated level of stress that was induced in Plaintiff because of the persistent harassment of both Defendant Brown and Defendant Adams.

40. Throughout Plaintiff's employment as a coach for Defendant CH Flowers High School, Plaintiff was required to do a performance review with Defendant Brown as opposed to the Athletic Director, Carlyle Rose ("Mr. Rose").

41. In the spring of 2020, Plaintiff and Mr. Brooks, Jr. began seeing a therapist regarding the targeted harassment that they had been and continued to be subjected to by Defendant Brown and Defendant Adams.

42. In the summer of 2020, Plaintiff began seeing a chiropractor regarding physical pains he was experiencing due to stress.

43. On June 17, 2020 a cease and desist letter was received by the Human Resources department for Defendant CH Flowers High School sent by and for Plaintiff.

44. On June 24, 2020 Defendant Brown wrote up an unsatisfactory review of Plaintiff's coaching abilities.

45. On June 26, 2020 Plaintiff was terminated as the coach for the JV and Varsity Boys Basketball team at Defendant CH Flowers High School.

46. At the time of Plaintiff's termination, he was 53.

47. The other coaches on staff at Defendant CH Flowers High School were in the age-range of 30 to 40.

48. Plaintiff was rehired as the coach for the JV and Varsity Boys Basketball team for Defendant CH Flowers High School on September 16, 2020.

## CAUSES OF ACTION

### Count I: Wrongful Termination

49. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

50. Plaintiff brings this count against Defendant Brown and Defendant CH Flowers High School.

51. The elements of wrongful termination are, "…that the employee was discharged…that the dismissal violated some clear mandate of public policy…and…that there is a nexus

between the defendant and the decision to fire the employee." *See Sears, Roebuck and Co. v. Wholey*, 132 Md.App. 642, 649 (2001), citing *Shapiro v. Massengill*, 105 Md.App. 743, 764 (1995).

52. Plaintiff was terminated on June 26, 2020.

53. Defendant Brown, as principal of Defendant CH Flowers High School, terminated Plaintiff in bad faith against the implied warranty of good faith intrinsic to the contract regarding Plaintiff's coaching position.

54. Defendant Brown, as principal of Defendant CH Flowers High School, was the authority terminating Plaintiff.

55. Defendant Brown and Defendant CH Flowers High School are liable for wrongful termination.

**Count II: Breach of Contract**

56. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

57. Plaintiff brings this count against Defendant Brown and Defendant CH Flowers High School.

58. A breach of contract occurs when one of the parties to a contract contradicts or violates a provision or implied provision of a contract.

59. Plaintiff signed a contract with the school accepting the assignment as the JV and Varsity Boys Basketball coach.

60. Defendant Brown and Defendant CH Flowers High School were parties to this contract and were contractually obligated in using good faith to determine whether the assignment was satisfactorily completed.

61. Defendant Brown, as principal of Defendant CH Flowers High School, failed to use good faith and discharged Plaintiff from his position for discriminatory, retaliatory, and harassing reasons.

62. Defendant Brown and Defendant CH Flowers High School are liable for breach of contract.

### Count III: ADEA Discrimination

63. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

64. Plaintiff brings this count against Defendant Brown, Defendant CH Flowers High School, and Defendant PGCPS.

65. Age discrimination is found to occur *prima facie* as a matter of law when a plaintiff shows that they were a member of a protected class (for purposes of the ADEA, over the age of 40), the plaintiff suffered an adverse employment action, the plaintiff was performing their job at a level that met their employer's legitimate expectations, and plaintiff was replaced by or treated less favorably than someone outside the protected class or someone substantially younger. *See Sullivan v. Perdue Farms, Inc.*, 133 F.Supp.3d 828, 837 (2015); *see also Neal v. Green Ford, LLC.*, 2018 WL 6003547, 6 (2018).

66. At the time of his termination from Defendant CH Flowers High School, Plaintiff was 53.

67. The other coaches at Defendant CH Flowers High School were within the age range of 30 to 40.

68. Plaintiff was terminated from his position at Defendant CH Flowers High School on June 26, 2020.

69. Plaintiff contends that he was meeting the legitimate expectations of his employers.

70. Plaintiff contends that he was treated less favorably than the coaches at Defendant CH Flowers and the coaches were substantially younger than him.

## Count IV: Retaliation

71. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

72. Plaintiff brings this count against Defendant Brown, Defendant CH Flowers High School, and Defendant PGCPS.

73. The elements of a *prima facie* case of retaliation are, "…the plaintiff engaged in a protected activity…the employer took an adverse employment action against plaintiff…and…a causal connection existed between the protected activity and the adverse employment action." *See Johnson v. Mechanics & Farmers Bank*, 309 Fed.Appx. 675, 683 (2009).

74. Plaintiff engaged in a protected activity when:

    a. On February 3, 2020, Plaintiff went to the PGCEA union office and asked if there was some sort of recourse he could pursue to overturn his suspension, which he had been verbally informed of. Plaintiff was told there were no avenues for recourse through the union.

    b. On June 17, 2020 a cease and desist letter was received by the Human Resources department for Defendant CH Flowers High School sent by and for Plaintiff.

75. Defendant Brown, as principal for Defendant CH Flowers High School, terminated Plaintiff in bad faith as an adverse employment action.

76. A causal connection exists between Plaintiff's engagement in a protected activity and Defendant Brown's adverse employment action.

## Count V: Intentional Infliction of Emotional Distress

77. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

78. Plaintiff brings this count against Defendant Brown and Defendant Adams.

79. The elements of intentional infliction of emotional distress are, "…the conduct in question was intentional or reckless…the conduct was extreme and outrageous…there was a causal connection between the conduct and the emotional distress…and…the emotional distress was severe."

80. Defendant Brown and Defendant Adams intentionally or recklessly initiated and maintained a near constant level of conduct intended to inflict emotional distress and harass Plaintiff from 2013 to 2020.

81. Conduct associated with this count includes, but is not limited to:

    a. Multiple witnesses overheard Defendant Brown responding to the altercation by yelling that Plaintiff and Mr. Brooks, Jr. were "done" and implied that Plaintiff was going to be terminated.

    b. Defendant Brown instructed SRO Blackwell to alert the authorities of the actions of Mr. Brooks, Jr., despite similar conduct from other students going unaddressed.

    c. The suspensions levied on both Plaintiff and Mr. Brooks, Jr. by Defendant Brown were egregious and grossly out of proportion for the reasons given.

    d. From the fall of 2019 to the end of the 2020 school year, Defendant Brown and Defendant Adams would consistently, routinely, and daily pass by Plaintiff's classroom to instill a harassing sense of being watched

    e. Defendant Adams would routinely usurp control of Plaintiff's classroom while he was employed at Friendly High School and did so on numerous occasions.

    f. Defendant Adams stated that Plaintiff was under a "spotlight" while he was working under him.

    g. Defendant Adams would routinely berate Plaintiff in front of other staff members and assistants in order to belittle and demean him.

    h. Plaintiff was told multiple times regarding both Defendant Adams and Defendant Brown to "watch his back" and that the aforementioned defendants were coming after him and wanted him to be terminated.

82. This continued level of conduct is extreme and outrageous. *See Harris v. Jones*, 281 Md. 560, 567 (1977); *see also Lasater v. Guttmann*, 194 Md.App. 431, 448 (2010).

83. Additionally, Defendants intentionally targeted Plaintiff's son in an attempt to hinder his educational and athletic future. This targeting is extreme and outrageous. *Id.*

84. Plaintiff suffered severe emotional distress because of this pervasive form of conduct.

85. Plaintiff and his son have been forced to seek therapy because of Defendants' conduct.

86. Plaintiff has developed Type II Diabetes which is causally related to the stress he has been under because of Defendants' conduct.

87. Plaintiff has been seeking the help of a chiropractor because of physical pains he has been experiencing due, at least in part, to Defendants' conduct.

88. Defendant Brown and Defendant Adams are liable for intentional infliction of emotional distress.

## DAMAGES

89. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, severe emotional and mental stress.

90. As a consequence of the forgoing conduct of Defendant, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## **RELIEF**

91. Plaintiff requests that the Court issue the following relief:

    a. Enter declaratory relief declaring that Defendants have engaged in discrimination and retaliation under the ADEA, wrongfully terminated Plaintiff, breached their contract with Plaintiff, and intentionally inflicted emotional distress;

    b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of her peers;

    c. Award Plaintiff attorneys' fees, costs and expenses of litigation; and

    d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre- and post-judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this 23rd day of November, 2020

**Brian Brooks, Sr.**

By:

_____/s/ Charles Tucker, Jr._

Charles Tucker, Jr., Esq. (#08082160001)
Tucker Moore Law Group
Senior Partner
8181 Professional Place, STE 207
Hyattsville, Maryland 20785

Direct: 301-577-1175
charles@tuckerlawgroupllp.com